United States District Court
Southern District of Texas
**ENTERED**
August 18, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| In re: Motion to Compel Discovery | ) |
| from Attorney CHRISTOPHER | )   MISC. NO. 2:16mc880 |
| BANDAS | )   (C.D.California 8:11cv1733)[1] |

## OPINION AND ORDER GRANTING MOTION TO QUASH, DENYING MOTION TO COMPEL AND ALL PENDING MOTIONS WITHOUT PREJUDICE AS MOOT

Movants, who are Plaintiffs in a class action settlement pending in the United States District Court for the Middle District of California,[2] filed an expedited motion in this court seeking to compel Respondent Christopher Bandas, a non-party to that action, to appear and produce documents for a deposition  (D.E. 1, 2).  Bandas purports to represent two people objecting to the settlement of the class action, but has not made an appearance in the case and asserts that he has no intention of appearing in the matter as counsel for the objecting members of the class.  The two objectors are presently represented by an attorney admitted to practice in the Middle District of California.  Bandas, a Texas attorney represented by counsel, filed a motion to dismiss, a motion to dismiss the motion to  compel, or, in the alternative, to quash the subpoena, and a response to the motion to compel (D.E. 8, 9, 10).  The motions were referred to undersigned, and a hearing was held on August 18, 2016.

Movants concede that Bandas has not been personally served with the subpoena; rather, copies of the subpoena have been emailed to Bandas and also dropped off with a receptionist at his office.  In the Fifth Circuit, personal service of a subpoena is required under Fed. R. Civ. P. 45(b)(1).  *Bonnecaze v. Ezra & Sons*, *LLC*, No. 14-1774, 2016 WL 1268339 (E.D. La. 2016);

---

[1] *Chambers v. Whirlpool*, No. 8:11-cv-01733 (C.D. Cal., filed Nov. 9, 2011).
[2] *Id.*

*Morawski v. Farmers Texas County Mut. Ins. Co.*, No. 3:14-mc-21-D-BN, 2014 WL 717170 (N.D. Tex 2014); *Nunn v. State Farm Mut. Auto. Ins. Co.*, No. 3:08-CV-1486-D, 2010 WL 4258859 (N.D. Tex. 2010)(citing *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003)).  The court declines Movants' invitation to ignore the plain language of Rule 45 and Fifth Circuit precedent.  Because Bandas has not been personally served with the subpoena, the motion to quash (D.E. 8) is GRANTED.

The motion to compel (D.E. 1) is denied without prejudice as moot.  All other pending motions, construed as responses to the motions to compel, are DENIED without prejudice as moot.

ORDERED this 18th day of August, 2016.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE